The People of the State of New York, Plaintiff, *v.* Peter Thompson, Defendant.*

County Court, Orange County, July 29, 1935.

*Henry Hunter* for the petitioner.

*Henry Hirschberg, District Attorney,* for the People.

Merritt, Special County Judge. Defendant was convicted in Supreme Court, Orange county, in November, 1934, of the crime of manslaughter in the second degree after a trial. Immediately after that conviction the district attorney filed an information pursuant to section 1943 of the Penal Law charging defendant with having been convicted previously of a felony, to wit, burglary in the third degree, which conviction was charged to have taken place in Orange

* See, also, *Matter of Hirschberg* v. *Orange County Court* (156 Misc. 529).

county on or about June 22, 1921, and under which conviction defendant served a term in the Westchester County Penitentiary. A jury was impaneled and the defendant was tried upon said information, and the jury found that defendant was the same person specified in said previous judgment of conviction, and thereupon judgment was entered convicting defendant as a second offender of the crime of manslaughter in the second degree, and sentencing him to imprisonment in Sing Sing State Prison at Ossining for a term of fifteen years.

The defendant claims that after having been indicted for " burglary, grand larceny and receiving " he was permitted on June 22, 1921, in County Court, Orange county, N. Y., to plead guilty to unlawful entry — a misdemeanor — and was sentenced for that crime, and that the record of conviction is incorrect in that it shows he pleaded guilty to burglary in the third degree; that he is not a second offender as defined by the Penal Law. He has now applied to this court on an order to show cause asking to be heard on an application to correct the record of the previous conviction. The district attorney is opposing and has appeared specially on the application because he contends that the adjudication on the question as to whether defendant was a second offender is *res adjudicata*, and the County Court was without jurisdiction to make the order to show cause herein, or to grant the relief sought.

The defendant claims by his moving papers that, if the application herein is entertained, he can and will present evidence that the record of conviction of June, 1921, in County Court of burglary in the third degree was incorrect; that such conviction should have been for unlawful entry; that, if the record of conviction is corrected so as to show a conviction for unlawful entry, he would then apply for a resentence.

I do not agree with the district attorney that the trial and adjudication under section 1943 of the Penal Law is a *res adjudicata* of the matter now sought to be determined on this application. That section relates merely to the procedure, and the only question adjudicated or decided in such proceedings is whether the offender is the same person mentioned in the records as set forth in the information filed by the district attorney (there is no opportunity on the part of the defendant to question the accuracy of the original record), and that is all that was found by the jury in this matter — it found the defendant was the same person.

I do not agree with the district attorney that there was no jurisdiction in the County Court to make the order to show cause of June 3, 1935, or to entertain a proceeding of this kind. The inherent power of a court to relieve from judgments taken through " mistake,

inadvertence, surprise or excusable neglect" (Civ. Prac. Act, § 108) must extend to criminal matters, and if a defendant is able to show that a certificate of conviction is incorrect, he should be heard, and if able to prove it, he should be entitled to relief and the record of conviction corrected in the interests of justice.

I do not mean that all applications of this character should be entertained, but I do believe that, if the moving papers show with some force that there may be error in a record of conviction, the defendant should be entitled to be heard with his witnesses, and the matter passed upon. I believe that this is such a proper case, and I will, therefore, entertain the proceeding and will hear the defendant and his witnesses with a jury. Of course, the district attorney may also call such witnesses as he thinks proper.