THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES HILDRETH, Defendant.

County Court, Saratoga County, December 23, 1953.

*Carl L. McMahon* for defendant.

*Carlton J. King, District Attorney,* for plaintiff.

SHERMAN, J. There is before the court a petition and notice of motion for an order modifying and correcting the sentence imposed on defendant on the 15th day of November, 1948.

The only allegation before the court is that the defendant had sustained a fractured skull prior to the imposition of sentence and that the court should have had the complete facts about the injury before pronouncing sentence.

There is no allegation which would entitle petitioner to habeas corpus or a writ of error *coram nobis.*

Apparently, it is intended to bring this proceeding under section 482 of the Code of Criminal Procedure, which provides '' If no sufficient cause appear to the court why judgment should not be pronounced, it must thereupon be rendered. Before rendering judgment or pronouncing sentence the court shall cause the defendant's previous criminal record to be submitted to it, including any reports that may have been made as a result of a mental, psychiatric or physical examination of such person, and may seek any information that will aid the court in determining the proper treatment of such defendant.''

The petitioner relies upon *People* v. *Thompson* (156 Misc. 865, 866–867), wherein the court stated: '' The inherent power of a court to relieve from judgments taken through ' mistake, inadvertence, surprise or excusable neglect ' (Civ. Prac. Act, § 108) must extend to criminal matters ''.

This presumes that the certificate of conviction was incorrect. Such is not the case here. The record does not indicate any error. Reducing the allegations in the petition to a minimum, the only fact alleged is that the attorney for the defendant at the time of trial (plea of guilty) did not present further facts as to the '' head injury '' which the court might have taken into consideration upon pronouncement of sentence. It appears that the court did take into consideration every matter which had been presented.

Furthermore, the defendant has now served the minimum of his term. There is no error of fact, no illegal sentence, no dereliction of duty, no void sentence, no illegal certificate of conviction; in fact, nothing upon which this court can take cognizance.

The motion is denied upon the law and the facts.

Submit order.